United States District Court
Southern District of Texas

**ENTERED**

April 04, 2016

David J. Bradley, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

PERCY FOREMAN,                §
(a/k/a Larry Foreman)       §
(TDCJ-CID #926545)        §
                                §
          Petitioner,       §
                                §
VS.                            §    CIVIL ACTION NO. H-16-0809
                                §
WILLIAM STEPHENS,      §
                                §
          Respondent.     §

### MEMORANDUM AND OPINION

The petitioner, Percy Foreman, seeks habeas corpus relief under 28 U.S.C. § 2254. The issue is whether this petition is a second, or successive, petition. For the reasons discussed below, the court finds that this is a successive petition that must be dismissed for lack of jurisdiction.

On November 19, 2004, Foreman filed a federal petition, Civil Action Number 4:04-4454, challenging his conviction and sentence for sexual assault of a child. (Cause Number 772040, 337th Judicial District Court of Harris County, Texas). On August 10, 2005, the federal district court denied Foreman's claims on the merits. On December 7, 2005, the United States Court of Appeals for the Fifth Circuit dismissed Foreman's appeal. On March 25, 2016, this court received this habeas petition challenging the same conviction and sentence.

A district court may raise on its own the issue of whether a habeas corpus petition is successive. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). This court lacks jurisdiction to consider Foreman's current petition because it is successive. Under 28 U.S.C. § 2244(b)(3)(A) (1998), the Fifth Circuit must authorize the district court to consider a successive application before

it is filed in the district court. "Before a second or successive application permitted by this section

is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application." Before Foreman can file this successive

application in this court, he must file a motion before the United States Court of Appeals for the

Fifth Circuit seeking an order authorizing him to file the petition in the district court. There is no

indication that the United States Court of Appeals for the Fifth Circuit has been asked for, or granted,

authorization for a district court to consider Foreman's successive petition.

This court lacks jurisdiction to consider Foreman's habeas claims. Foreman's petition for

a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction, and any

remaining pending motions are denied as moot.

No certificate of appealability will issue. The showing necessary for a certificate of

appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,*

213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An

applicant makes a substantial showing when he demonstrates that his application involves issues that

are debatable among jurists of reason, that another court could resolve the issues differently, or that

the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,*

202 F.3d 760, 763 (5th Cir. 2000). When, as here, the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of

Appealability should not issue unless the prisoner shows, at least, that jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural

ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484).  Foreman

has not made the necessary showing.  A certificate of appealability is denied.

Foreman's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted, and this

action is dismissed.

SIGNED on April 4, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge